Tilghman C. J.
This cause comes before us on a rule (at the instance of Joseph Barnes) on the commissioners of the county of Philadelphia, to shew cause why a mandamus should not issue commanding them to pay to the said Joseph Barnes certain fees due to him as clerk of the Court of Oyer and Terminer, on several indictments against persons who were convicted of felony and sentenced to hard labour. There are three questions to be determined, 1. Whether the county is liable to costs before the convicts are discharged under the insolvent act. 2. Whether the county is liable for the costs of more than one indictment, where a person is convicted on several indictments at the same sessions, and sentenced to hard labour. 3. Whether the county is liable for the costs of an attachment against a witness for contempt.
1. By the supplement to the penal laws, passed 23d September, 1791, sect. 15. (3 Sm. Laws, 44,) “ in all cases where “any person shall be convicted of any offence, or offences, “ which shall be punished capitally, or by imprisonment at “hard labour, the county where the crime is committed “shall pay the costs of prosecution, if the defendant hath not “ property sufficient to discharge the same; but where the “ same person shall be convicted of divers offences at the “ game term or sessions, the costs of the prosecution on one of “ the indictments, only, shall be paid out of the county stock.” *291 By the “ Act establishing a fee bill,” passed 28th March, 1814, sect. 13, “In case of a conviction in any Court of “ Oyer and Terminer, Quarter Sessions, or Mayor’s Court, “ all costs shall be paid by the party convicted; but where ‘‘such party shall have been discharged according to “ without payment of costs, the same shall be paid by the “ cpunty,” By the last section of this act several prior acts gn4 parts of acts particularly mentioned are repealed; but there is no mention of the act of 23d September, 1791, or any part of it; so that if the 15th section of the act of. 23d September, 1791, be-repealed, it must be by implication arising from its inconsistency with the 13th section of the act of 28th March, 1814, It does not appear,, that there is a sufficient inconsistency between these two acts to warrant the inference of a repeal. > On the contrary they may well stand together; the 13th section of the act of 28th March, 1814, being confined to cases npt provided for by the 15th section of .the act of 23d September, 1791, viz. to cases where the defendant has not been sentenced to a capital punishment or to hard labour. And there is reason to suppose, that it was the intent of the legislature so to restrain it, because a person who has suffered the punishment of death, cannot be said to have been discharged according to law; neither can a person be said to be so discharged who dies during the time of his imprisonment at hard labour, which it must have been supposed many would do. Nor ought we to be induced by any thing short of plain and positive expressions, to think that it was intended to exempt the county from the immediate payment of costs (the convict not having property sufficient to discharge the same) in cases of capital punishment and imprisonment at hard labour, when the act of 21st September, 1791, declares it to be “just and reasonable, that in such cases the “ public should be at the charge of the prosecution.” I am, therefore, of opinion, that where the defendant, who is sentenced to death or hard labour, has not sufficient property to pay the costs, they shall be paid by the county in which the crime was committed. But it is to be understood, that the payment by the county does not discharge the convict. He remains liable for the costs under the judgment, and the commissioners may insist upon his being held till he pays them or obtains his discharge under the insolvent laws. The commissioners should be consulted,. therefore, lay the keeper of the jail, before the convict is discharged.
*292 2. I am of opinion, on the second point, that the county is to pay the costs of but one indictment, because if the 15th section of the act of 23d September be not repealed, every part of it must be in force.
3. The question of fees on an attachment depends on the ^arc^ 1814. By the 6th section of that act, “ the fees to be received by the clerk of the Courts of Oyer “and Terminer, shall be as follows : — For all services per- “ formed in any one prosecution, where a bill is found by the “ grand jury, except subpoenas, five dollars. Where a bill is “ returned ignoramus, three dollars.” Had the point rested solely upon this section, it might have been argued with great force, that subpoenas being excepted, attachments, which are the consequence of subpoenas, must be also excepted. But we must take into consideration the 26th section, which prohibits in the strongest terms, “ the charging or demanding “ of any fee for any service or services other than those ex-ilpressly provided for by this act.” The whole law considered, I am of opinion, that the fee for an attachment is not chargeable. To prevent misapprehension, it is proper to add, that this matter has, as we understand, been brought before the Court with a wish to do justice on both sides. Each party acts in a public capacity, and is desirous of obeying the law when its construction is settled.